GLICKSTEIN, Judge,
concurring specially.
We have affirmed because of the abandonment of the luggage by the defendant after his being chased and apprehended. I agree with the decision here, but write to express my apprehension arising out of a pattern of investigation we see again and again in appellate cases.
For no particular reason, officers approach a person waiting on a railroad station platform for a train on which he plans to depart, and engage him in conversation which leads eventually to a request for permission to search his luggage. We call this a proper voluntary encounter, unless it is shown that because of something in the character of the site of the encounter or in the actions of the police the person was not free to break off contact. See Florida v. Royer, 460 U.S. 491, 103 S.Ct. 1319, 75 L.Ed.2d 229 (1983).
In this case, the defendant panicked during the encounter, pushed one of the officers and fled, commencing a hare and hound chase. He did not contest that his conduct directed at the officer was unlawful. Accordingly, the chase was justified here as it would have been had he fled during a legitimate stop or seizure as opposed to an encounter. Nevertheless one ponders the constitutional implications of a similar scenario where the suspect has not pushed an officer.